IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-10054

Summary Calendar

---

LAWRENCE D. KENEMORE,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF LABOR,
ET AL.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas
(3:94 CV 1869 H)

---

( August 31, 1995 )

Before HIGGINBOTHAM, DUHÉ, and EMILIO GARZA, Circuit Judges.

PER CURIAM:[*]

Lawrence D. Kenemore, Jr., an habitual pro se litigant, appeals the district court's dismissal of his suit against the Department of Labor and several of its officers. We affirm.

First, Kenemore argues that the district court erred in failing to recognize that the Department of Labor can be "sued as a person." Yet sovereign immunity shields the Department of Labor

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

and all other United States "departments" from damages actions absent a waiver. Williamson v. U.S. Dep't of Agric., 815 F.2d 368, 373 (5th Cir. 1987). Kenemore cites no such waiver here.

Second, he argues that the district court incorrectly held that "government servants cannot be sued in their individual capacity." The district court did not hold this. Rather, it implicitly held that the individual defendants here were entitled to qualified immunity because Kenemore's conclusory allegations did not suffice to state a violation of any clearly established statutory or constitutional right. See Mitchell v. Forsythe, 472 U.S. 511 (1985). Having reviewed Kenemore's complaint, we agree.

Third, Kenemore complains that the district court failed to recognize the allegations of constitutional violations that he stated in his complaint. We agree with the district court that Kenemore's complaint "fails to allege anything more than conclusory facts and legal conclusions." The gist of his complaint is that defendants lacked jurisdiction to subpoena or question him. This is a legal conclusion unsupported by any factual allegations in his complaint.

Finally, Kenemore takes issue with the district court's characterization of his action as a Bivens action. Because Kenemore fails to brief this issue, which he raises in a terse sentence, we will not consider it. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, we AFFIRM.